IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | |
|---|---|
| DALE DEVON SCHEANETTE #999440 § | |
| v.                                                                  § | CIVIL ACTION NO. 9:05cv34 |
| WANDA RIGGINS, ET AL.                       § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Dale Scheanette, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Scheanette, a Death Row inmate, complained primarily about the taking of a DNA sample on October 24, 2004. He also raised complaints about the grievance procedures, alleged violations of the Americans with Disabilities Act, an assertion that the Texas prison administration was violating the Racketeer Influenced and Corrupt Organizations Act, and discrimination in various forms against inmates on Death Row.

The Magistrate Judge ordered the prison to furnish relevant records pursuant to Cay v. Estelle, 789 F.2d 318, 321 (5th Cir. 1986) and Parker v. Carpenter, 978 F.2d 190, 191-192 and n.2 (5th Cir. 1992). Scheanette was provided with a copy of these records and allowed to file a response, which he did.

After review of the records, the Magistrate Judge issued a Report on December 22, 2005, recommending that Scheanette's claims be dismissed with prejudice as frivolous. Scheanette filed objections to this Report on January 3, 2006.

These objections relate primarily to Scheanette's complaints about the taking of the DNA sample. He complains that the Step Two grievance response is "false," the physician's affidavit is false and should form the basis for prosecution, Texas law requires blood samples to be taken in a sanitary place, he had already given a DNA sample, the physician's theories have not been subjected to scientific scrutiny, he has made a "strong prima facie case" of discrimination, he has been denied the benefits of services and programs under the ADA, the Takings Clause requires compensation for the taking of property, he has a federal claim for assault as well as excessive use of force in the taking of the blood sample, and the sanitation procedures used were improper and violated his right to human dignity. None of these objections have any merit.

The Court has conducted a careful *de novo* review of the pleadings, papers on file in this cause, including the Report provided by the prison officials and Scheanette's response thereto, as well as the Report of the Magistrate Judge and the objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge Is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. It is further

ORDERED that the Court hereby declines to exercise supplemental jurisdiction on any state law claims which Scheanette may have, and that the statute of limitations on any such claims is hereby TOLLED from the date the lawsuit was originally filed until thirty days after the final judgment dismissing the action is entered on the docket. 28 U.S.C. §1367(d). Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **15** day of **March, 2006.**

_____
Ron Clark, United States District Judge